IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| John Henry Backus, | ) |
|     Petitioner, | ) Case No. 8:11-1496-JMC-JDA |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| State of South Carolina[1]; Director, | ) |
| Lexington County Detention Center, | ) |
|     Respondents. | ) |

This matter is before the Court on Respondent's motion for summary judgment. [Doc. 31.] Petitioner, proceeding pro se, seeks relief pursuant to Title 28, United States Code, Section 2241. At the time the Petition was filed, Petitioner was a state pre-trial detainee.[2] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review petitions for relief from state custody and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on June 14, 2011.[3] [Doc. 1.] On October 17, 2011, Respondent filed a motion for summary judgment and a return and

---

[1] Because a prisoner's custodian is the proper respondent in a habeas corpus action, *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004), Respondent State of South Carolina was terminated as a party and Respondent Director, Lexington County Detention Center was added as a party on June 30, 2011, as directed by the Court's Order directing Petitioner to bring his case into proper form. [Doc. 7.] Accordingly, throughout this Report and Recommendation the Court refers to Respondent Director, Lexington County Detention Center as "Respondent."

[2] Petitioner filed a notice of change of address on February 21, 2012, indicating he is no longer in custody. [Doc. 42 (updating address to private address).]

[3] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In this case, construing the filing date in the light most favorable to Petitioner, this action was filed on June 14, 2011. [Doc. 1 (Petition dated June 14, 2011 by Petitioner); Doc. 1-3 (envelope postmarked June 15, 2011).]

memorandum. [Docs. 30, 31.] Petitioner filed a response in opposition on November 1, 2011. [Doc. 34]. Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be dismissed without prejudice.

**BACKGROUND**

At the time of he filed the Petition, Petitioner was a pre-trial detainee in the Lexington County Detention Center ("LCDC") in Lexington, South Carolina, being held on a City of Columbia arrest warrant. [Doc. 1 at 1; Doc. 1-2 at 1.] The arrest warrant was issued July 30, 2010 by the City of Columbia Municipal Court and served upon Petitioner on or about August 5, 2010. [Doc. 1-2.] From August 5, 2010 until June 8, 2011, Petitioner was held at the Alvin S. Glenn Detention Center on related charges prosecuted in Richland County, South Carolina. [Doc. 1-1.] During that time, Petitioner attempted to learn about the disposition of the charges in Lexington County, to no avail. [*Id.*; *see* Doc. 1-2 at 4–21.] Petitioner learned that charges were in fact pending against him in Lexington County when he was transferred to LCDC on June 8, 2011, some ten months after his arrest. [Doc. 1-1.]

Petitioner alleges his federal and state rights were violated "by the State's willful and unlawful withholding of the Petitioner's lawfully served arrest warrant, bond papers, and case-file documentation from the jurisdictional Lexington County Clerk of Court from the dates of August 5, 2010, to June 8, 2011." [Doc. 1 at 1–2.] Petitioner claims he was subjected to an exorbitant bail, held in custody, and deprived of his constitutional rights to a fair and speedy trial, appointed legal counsel, and due process of law. [*Id.* at 2.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S.97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such

that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only),

4

>       admissions, interrogatory answers, or other materials;
>       or
>
>       (B) showing that the materials cited do not establish the
>       absence or presence of a genuine dispute, or that an
>       adverse party cannot produce admissible evidence to
>       support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

For pre-trial detainees, the exclusive federal remedy to challenge the fact or duration of their confinement is a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006) (recognizing "there is really only a single 'gate' to federal habeas relief from state custody—through the general jurisdictional grant in section 2241—although all petitions seeking relief from state court *convictions* are more specifically filed 'under section 2254' as well" (emphasis in original)); *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003) ("All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. . . . If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254."). A writ of habeas corpus pursuant to 28 U.S.C. § 2241 can be sought only after a petitioner has exhausted state

remedies, even though § 2241 contains no express reference to exhaustion.[4]  *See, e.g.*, *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–91 (1973).

**DISCUSSION**

Because Petitioner has been released from custody, his Petition is moot.  Petitioner seeks, through his Petition, to have the arrest warrant against him dismissed so that he will be released from alleged injustices including the deprivation and denial of his constitutional rights to a fair trial, appointed legal counsel, equal protection, and due process of law. [Doc. 1 at 1.]  After Petitioner filed the Petition, he received appointed counsel [Doc. 30-4], and then Petitioner pled guilty to the charges and was released on time served, Lexington County Public Index, http://cms.lex-co.com/scjdweb/publicindex/PICaseDetails.aspx?County=32+&Casenum=K668530&CourtType=G&CaseType=Criminal&CourtAgency=32001&LastName=Backus&FirstName=John (last visited May 18, 2012).[5]

As the United States Supreme Court has stated, "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.'" *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920)).  "Generally speaking, one . . . circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."  *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).  While

---

[4] The exhaustion requirement for federal habeas corpus petitions is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Matthews v. Evatt*, 105 F.3d 907, 910 (4th Cir. 1996) (stating state courts, up to the highest state court, must be given the opportunity to address constitutional issues before the prisoner requests federal habeas relief).

[5] The Court may take judicial notice of public records.  *See, e.g.*, Fed. R. Evid. 201(b)(2); *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Petitioner did not receive the specific relief of dismissal of the arrest warrant, Petitioner did receive appointed counsel and the charge against him was disposed of through a guilty plea. Therefore, his Petition for relief pertaining to his pretrial custody is moot. *See Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [the petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented.").

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Respondent's motion for summary judgment be GRANTED and the Petition be DISMISSED without prejudice.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>
United States Magistrate Judge

May 21, 2012
Greenville, South Carolina